UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

PAMELA SMART,

                      Plaintiff,

  - against -

GLEN GOORD, ET AL.,

                      Defendants.

------------------------------------------X

04 Civ. 8850 (RWS)

MEMORANDUM
OPINION AND ORDER

**Sweet, D.J.,**

      By motion dated July 2, 2007, Plaintiff Pamela Smart ("Plaintiff" or "Smart") moved under Local Civil Rule 6.3 for reconsideration of the Court's July 26, 2006 Opinion (the "Opinion"), 441 F. Supp. 2d 631 (S.D.N.Y. 2006). For the reasons stated below, the motion will be granted in part and denied in part.

      The Opinion, familiarity with which is assumed, discussed the facts as alleged in the Complaint at length, and they will not be repeated here.

      Plaintiff seeks reinstatement of four claims: retaliation; failure to protect; deliberate indifference to

1

medical needs; and violation of due process arising from Smart's Tier II hearing.

The Opinion dismissed the first three of these claims for failure to exhaust administrative remedies, see 441 F. Supp. 2d at 639; the due process claim was dismissed because the privileges lost as a result of the hearing did not rise to "protected liberty interest[s]," id. at 640.

**The Reconsideration Standard**

To receive reconsideration pursuant to Local Civil Rule 6.3, "'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" Word v. Croce, No. 01 Civ. 9614 (LTS), 2004 WL 434038, at *2 (S.D.N.Y. Mar. 9, 2004) (quoting Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)); see also Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003). Alternatively, reconsideration may be granted to correct clear error or prevent manifest injustice. See Word, 2004 WL 434038, at *2 (quoting Parrish, 253 F. Supp. 2d at 715 (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 965 F.2d 1245, 1255

2

(2d Cir. 1992))).

Local Civil Rule 6.3 provides that "[a] notice of motion for reconsideration . . . shall be served within ten days after the entry of the court's determination of the original motion . . . ." The rule "should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court," Williams, 219 F.R.D. at 83 (internal quotations and citations omitted), and "to prevent the rule from being used as a substitute for appealing a final judgment." USA Certified Merchants, LLC v. Koebel, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Id. (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

**Reconsideration of the Retaliation, Failure to Protect, and Deliberate Indifference Claims is Granted**

While the motion for reconsideration is untimely, it is not time-barred. Rather, Local Rule 6.3 "is prudential. It describes what a court may do to protect itself and parties generally from obstructive litigation practices, not what a

3

court must do in every case." Padilla v. Rumsfeld, 243 F. Supp. 2d 42, 48 (S.D.N.Y. 2003).

Where, as here, a court has applied the incorrect standard for dismissing one or more of the Plaintiff's claims, the court has the discretion to reconsider its ruling in the interests of justice. Plaintiff has correctly argued that the Opinion's statement that "[f]ailure to exhaust [administrative remedies] is an absolute bar to an inmate's action in federal court" does not faithfully capture the subtlety of exhaustion doctrine in the Second Circuit. 441 F. Supp. 2d at 638 (citing Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001)). In fact, the Court of Appeals decided in 2004 a sextet of cases examining the exhaustion issue, culminating in the formulation of a three-part test announced in Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004) and reaffirmed in Macias v. Zenk, 495 F.3d 37, 41 (2d Cir. 2007).

First, "the court must ask whether administrative remedies were in fact available to the prisoner." Macias, 495 F.3d 37 at 41. Second, "[t]he court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's

4

exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." Id. Finally, "the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." Id.

Plaintiff contends that she adequately exhausted her retaliation, failure to protect, and deliberate indifference claims because she provided "enough information about the conduct of which she complained to allow prison officials to take appropriate responsive measures . . . ." (Pl. Mem. at 14) (quoting Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004)) (brackets omitted). However, the Court of Appeals has concluded that, after the Supreme Court decision of Woodford v. Ngo, 126 S. Ct. 2378 (2006), "notice alone is insufficient because '[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance' and '[t]he prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.'" Macias, 495 F.3d at 43-44 (quoting Woodford, 126 S. Ct. at 2388). As detailed in the Opinion, Plaintiff did not appeal any grievance relating to retaliation, failure to protect, or deliberate indifference to her medical

5

needs. 441 F. Supp. 2d at 639. Accordingly, Smart did not adequately exhaust those claims.

Plaintiff also claims that threats made and actions taken by Defendant E. Ford ("Ford")[1] rendered administrative remedies unavailable to her with regard to her failure to protect claim. (Pl. Mem. at 18-21). However, Plaintiff has pleaded only that Ford's alleged misbehavior caused her to delay reporting his misconduct; never before the instant motion had Plaintiff alleged that Ford's actions contributed to her non-exhaustion with regard to the failure to protect claim. See Compl. ¶ 28.

Finally, Plaintiff contends that Defendants should be estopped from raising exhaustion against the deliberate indifference claim because her facility's Grievance Supervisor allegedly told her that "security matters . . . were non-grievable." (Pl. Mem. at 23). This comment falls far short of the sort of behavior that could justify estopping Defendants from raising exhaustion. See, e.g., Ziemba v. Wezner, 366 F.3d 161, 162 (2d Cir. 2004) (remanding for a determination on the issue of estoppel where plaintiff claimed that prison officials beat him, threatened him, denied him grievance forms and writing

---

[1] Ford was terminated as a party on August 8, 2006, because there were no remaining claims against him.

6

implements, and transferred him to another prison); Manos v. Decker, No. 03 Civ. 2370 (PKC), 2005 U.S. Dist. LEXIS 3522, at *17-18 (S.D.N.Y. Mar. 7, 2005) (finding allegations that "defendants coerced plaintiff into sexual activity with other inmates, threatened him with violence, and threatened him with a transfer that would lead to his killing" sufficient to allow estoppel claim to survive motion to dismiss).

For the reasons stated above, upon reconsideration, Plaintiff's retaliation, failure to protect, and deliberate indifference claims will be denied.

**Tier II Due Process Claim**

Plaintiff argues that the Opinion failed to aggregate the Tier II misbehavior penalties of thrity days keeplock and loss of privileges with her Special Housing Unit ("SHU") and Involuntary Protective Custody ("IPC") confinement period totaling 70 days, when it held that her thirty day period of confinement was not an "atypical or significant hardship," and thus was not a deprivation of a protected liberty interest. 441 F. Supp. 2d. at 640. Giano v. Selsky, 238 F.3d 223 (2d Cir. 2001), which Plaintiff cites, does not support aggregation of the keeplock period with Smart's SHU/IPC confinement. First, in

7

Giano, the two periods "were based on the same administrative rationale and that the conditions of Giano's confinement were, for all practical purposes, identical at both facilities." Id. at 226. Here, Plaintiff alleges that the SHU/IPC confinement was purportedly for her own protection, while the keeplock period was punishment for her possession of contraband items. (Pl. Mem. at 5, 7). Second, unlike Giano, 238 F.3d at 226, the keeplock penalty was served during Smart's IPC custody, rather than in addition to it. (Pl. Mem. at 7). For these reasons, the Court declines to reconsider Plaintiff's Tier II Due Process claims.

**Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration is granted in part and denied in part. Upon reconsideration, Plaintiff's claims for retaliation, failure to protect, and deliberative indifference to serious medical needs will again be denied.

It is so ordered.

**New York, N.Y.**
**February 27, 2008**

ROBERT W. SWEET
U.S.D.J.