```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/09
```

```
RECEIVED
OCT 3 0 2009
JUDGE SWEET CHAMBERS
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

PAMELA SMART,

          Plaintiff,

    - against -

GLENN GOORD, et al.,

          Defendants.

--------------------------------------------------------------X

04 Civ. 8850(RWS)

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

WHEREAS, plaintiff, Pamela Smart, filed a Complaint dated September 25, 2003, alleging that defendants former Commissioner Glenn Goord, former Superintendent Elaine Lord, Director of Special Housing / Inmate Disciplinary Program Donald Selsky, Hearing Officer Jose Pico, former Deputy Superintendent Terence McElroy, Deputy Superintendent of Health Services Cheree Lemmerman, Associate Director of Operations for Women's Mental Health Services Michelle Petrino, Lieutenant Lawrence Hammond, Lieutenant D. Fifield, former Director of the Office of Mental Health Carolyn Subin, Correction Counselor Fran Favale, and Lieutenant B. Smith, had violated plaintiff's rights during plaintiff's incarceration in the New York State Correctional Services system; and

WHEREAS, defendants moved to dismiss the complaint, pursuant to Fed. R. Civ. Proc. 12(b)(1) and (6) and denied all allegations that their conduct violated plaintiff's constitutional or other rights; and

WHEREAS, by order dated July 27, 2006, defendants' motion was granted in part and denied in part; and

WHEREAS, the parties are interested in resolving the remaining issues alleged in the Complaint in the above-captioned action ("Action"), and have negotiated in good faith for that purpose; and

WHEREAS, none of the parties to the Action is an infant or incompetent person; and

WHEREAS, the parties to the Action are desirous of discontinuing this litigation without the need for trial and without admitting any wrongdoing on the part of defendants;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel as follows:

1.   The parties hereby agree that the Action is dismissed and discontinued with prejudice.

2.   Defendants shall pay to plaintiff the sum of Eight Thousand Seven Hundred Fifty Dollars ($8,750.00) in full satisfaction of any and all claims for relief in this Action, and shall pay to plaintiff's attorney Chadbourne & Parke LLP the sum of Thirteen Thousand One Hundred Twenty Five Dollars ($ 13,125.00) in full satisfaction of any claims in this Action for attorneys fees, costs and disbursements.

3.   Payment shall be made in two checks.  The first check, in the amount of Eight Thousand Seven Hundred Fifty Dollars ($8,750.00), shall be made payable to plaintiff and delivered to the correctional facility in which plaintiff is incarcerated, for deposit in her inmate facility/departmental account.  The second check, in the amount of Thirteen Thousand One Hundred Twenty Five Dollars ($13,125.00), shall be drawn to the order of the plaintiff's attorney Chadbourne & Parke LLP and mailed to plaintiff's attorney Nicholas Booke, Esq., Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, New York 10112.

4.   In consideration of the payment of the sums recited in paragraph #2 above, the plaintiff, Pamela Smart, hereby releases and discharges each of the defendants and any and all current or former employees or agents of New York State or the New York State Department of Correctional Services, in their individual and official capacities, and their heirs, executors,

2

administrators and assigns, and the State of New York and its agencies, including, without limitation, the New York State Department of Correctional Services, from any and all claims, liabilities and causes of action which plaintiff or plaintiff's representatives, heirs or assigns ever had, now has or hereafter shall or may have, which arise out of the incidents alleged in the Complaint herein.

5.   Nothing in this Stipulation of Settlement shall be construed as an admission or acknowledgment of liability whatsoever by any of the defendants or the New York State Department of Correctional Services regarding any of the allegations made by the plaintiff in her Complaint.

6.   Payment of the amount recited in paragraph #2 above is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law. Plaintiff and plaintiff's counsel agree to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment. Except for the payment to be made to plaintiff's attorney in satisfaction of any claims for attorney's fees, costs and disbursements, the provisions of Chapter 62 of the Laws of 2001 may be applicable to payments by defendants hereunder.

7.   Subject to the provisions of the foregoing paragraphs, in the event payment of the amount recited in paragraph #2 above is not made within one hundred and twenty (120) days after the receipt by defendants' counsel from plaintiff of a copy of the fully executed So-ordered Stipulation of Settlement as entered by the Court, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the one hundred and twenty-first day after receipt by defendants' counsel of a copy of the fully executed So-ordered Stipulation of Settlement.

8.      This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Stipulation of Settlement.

9.      This Stipulation of Settlement and Order of Dismissal embodies the entire agreement of the parties in this matter and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceedings, shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
         September 2, 2009

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Defendants

MARIA B. HARTOFILIS
Assistant Attorney General
120 Broadway - 24th Floor
New York, New York 10271
(212) 416-6295

Dated: New York, New York
        September 30 , 2009

CHADBOURNE & PARKE LLP
Attorney for Plaintiff

NICHOLAS BOOKE
30 Rockefeller Plaza
New York, New York 10112

4

Dated: Bedford Hills Correctional Facility, New York
September  _18_ , 2009

By: _____
PAMELA SMART

Sworn to before me
this _18_ day of September, 2009

_____
Notary Public

SO ORDERED:

_____ USDJ
11.2.09